HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EARLE W JUDD II,

        Plaintiff,

v.

JACK F NEVIN, et al.,

        Defendants.

CASE NO. C19-6030RBL

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS

THIS MATTER is before the Court on Plaintiff Judd's Motion for leave to proceed in forma pauperis, supported by his proposed complaint. [Dkt. # 1-1]. Judd seeks to sue a series of judges, lawyers and others who were apparently involved in his state court dissolution proceeding, for violating his constitutional rights in that proceeding. He raises a wide variety of claims including failure to accommodate his disability and assignment of his disability payments to his now ex-wife. He claims they lied and conspired to violate his rights. He seems to suggest that he "pled the fifth" and that one or more of the judges held that fact against him, in a civil proceeding.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad

discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A person is eligible to proceed *in forma pauperis* if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted). This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment and zero income); *Reed v. Martinez*, 2015 U.S. Dist. LEXIS 80629, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015) (granting petition for incarcerated individual on condition that applicant provides monthly payments towards filing fee). It does not include those whose access to the court system is not blocked by their financial constraints, but rather are in a position of having to weigh the financial constraints pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D. N.Y.), aff'd, 865 F.2d 22 (2d Cir. 1988) (denying petition to proceed IFP because petitioner and his wife had a combined annual income of between $34,000 and $37,000). Judd appears to have met the indigency component of the in forma pauperis standard.

However, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no

arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

Judd's proposed claims against the defendants he has named do not meet this standard. First, all of his §1983 claims against the judges and the court personnel are barred as a matter of law. Any judicial act a judge carries out entitles the judge to absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). A judge is entitled to immunity even if the action he took was in error, was malicious, or was in excess of his authority. *Id.* at 1101. This immunity extends to court personnel.

Second, Judd asks this court to correct or reverse decisions made in state court, but it cannot and will not do so. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544

U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008). The corrective for any claimed errors in the state court case(s) was an appeal of the results in those cases, not a new litigation against the participants.

Third, if and to the extent Judd asserts § 1983 claims against the private attorneys representing his ex-wife, those claims fail as a matter of law. A plaintiff cannot assert a 42 U.S.C. § 1983 claim for violation of constitutional rights against a defendant who is not a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988). This determination is made using a two-part test: (1) "the deprivation must . . . be caused by the exercise of some right or a privilege created by the government or a rule of conduct imposed by the government;" and (2) "the party charged with the deprivation must be a person who may fairly be said to be a *governmental actor*." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (emphasis added).

Judd's §1983 claims are fatally flawed. His Motion for Leave to proceed in forma pauperis is therefore DENIED, and he shall pay the filing fee or file a proposed amended complaint within 21 days. Any proposed amended complaint should address and resolve the flaws described above. He must set forth the "who what when where and why" of a plausible,

//

//

//

1 | viable claim against a defendant over whom this court has jurisdiction. If he does not, the matter
2 | will be dismissed without further notice.
3 |     IT IS SO ORDERED.
4 |     Dated this 7th day of November, 2019.

                                                  _____
                                                  Ronald B. Leighton
                                                  United States District Judge